■ Daniel A. Perez et al., Respondents-Appellants, v New York City Housing Authority, Appellant-Respondent. [757 NYS2d 799] —In an action to recover damages for personal injuries, etc., the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated December 20, 2001, as denied its motion for summary judgment dismissing the complaint, and the plaintiffs cross-appeal, as limited their brief, from so much of the same order as, in effect, denied their cross motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, without costs or disbursements.

There are questions of fact regarding causation and the existence of injury that preclude granting summary judgment to either party (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]).

We note that the Supreme Court correctly held that the final determination of the New York City Department of Health (hereinafter the DOH) that there were 80 lead-paint violations in the subject apartment should be afforded collateral estoppel effect under the circumstances of this case. The defendant, New York City Housing Authority (hereinafter NYCHA), failed to properly contest the determination pursuant to the DOH's rules and regulations. Therefore, NYCHA should not be allowed to challenge that determination in this civil action, as to allow it to do so would undermine the regulatory authority of the DOH and waste the resources of the courts and its litigants (*see Staatsburg Water Co. v Staatsburg Fire Dist.*, 72 NY2d 147 [1988]). Altman, J.P., Smith, McGinity and Cozier, JJ., concur.