■ JULIAN CAMACHO, an Infant by His Mother and Natural Guardian, JANINA RIVERA, et al., Respondents, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [920 NYS2d 356]—

Order, Supreme Court, New York County (Debra A. James, J.), entered December 10, 2009, which, insofar as appealed from, denied defendant New York City Housing Authority's (NYCHA) motion for summary judgment dismissing the complaint's first, third and fourth causes of action, and granted plaintiffs' cross motion to the extent of awarding them summary judgment as to liability on their first and third causes of action, unanimously modified, on the law, to deny plaintiffs' motion for summary judgment on their first and third causes of action, the matter remanded for further proceedings, and otherwise affirmed, without costs.

Plaintiffs' first cause of action alleged plaintiff infant's injuri-

ous exposure to lead paint, while he was under the age of seven years, and during his residence in defendant's multiple dwelling, built pre-1960. Plaintiffs' third cause of action alleges similar exposure to hazardous lead paint while attending a daycare facility in a building owned by NYCHA during the same time period. Under the circumstances, NYCHA is deemed to have constructive notice of any hazardous lead paint conditions (*Juarez v Wavecrest Mgt. Team*, 88 NY2d 628 [1996]; Administrative Code of City of NY § 27-2056.1 *et seq.*). The final, unchallenged administrative determinations that the lead paint conditions found on both premises were hazardous are binding under the circumstances of this case (*Perez v New York City Hous. Auth.*, 304 AD2d 736 [2003]). However, triable issues of fact remain whether NYCHA's efforts to correct the minimal hazardous lead paint conditions were reasonable, whether there was evidence of lead paint dust at the subject locations, whether the identified lead paint conditions caused hazardous lead paint dust, and whether plaintiff infant was injured by lead paint dust attributable to the identified lead paint hazards. Concur— Gonzalez, P.J., Sweeny, Moskowitz, Renwick and Richter, JJ.
**[Prior Case History: 2009 NY Slip Op 32892(U).]**